IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 21–cv–02512–CMA–MDB

BETTI BURKE,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

## ORDER

---

Before the Court is Defendant's Motion to Set Reasonable Deposition Fee of Dr. Patrick Devanny. (Doc. No. 62.) Plaintiff has responded in opposition to the Motion. (Doc. No. 65.) No reply was permitted. (*See* Doc. No. 63.) For the reasons set forth herein, the Court grants the Motion.

## BACKGROUND

This case concerns a motor vehicle accident that occurred on April 29, 2018. (Doc. No. 41.) Plaintiff seeks UIM coverage from her insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). (*Id*.) According to Plaintiff, "[t]he main contested injury is a right shoulder injury that ultimately lead [sic] to the need of a right shoulder surgery." (Doc. No. 46 at 2.) The surgery of the right shoulder rotator cuff was performed by Dr. Patrick Devanny, M.D., an orthopedic surgeon who, according to Plaintiff, "specializes in hand and upper

extremity surgery." (Doc. No. 65 at 1.) Defendant seeks to depose Dr. Devanny, but objects to the deposition fee of $2,400/hour with a two-hour minimum. (Doc. No. 62 at 1.) Defendant asks this Court for an order "reducing [Dr. Devanny's] fee to Dr. Devanny's own fee for testimony in workers compensation matters, or alternatively, commensurate with Defendant's retained orthopedic surgeon, Dr. Schwappach." (*Id*.) Dr. Devanny's fee in workers' compensation matters is $367/hour. (Doc. No. 65 at 3.) Dr. Schwappach's deposition fee is $1,500/hour, with a $500/hour increase for video deposition testimony. (Doc. No. 62 at 3.)

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that "the court shall require that the party seeking discovery pay the expert a *reasonable* fee for time spent in responding to discovery," unless manifest injustice would result. Fed. R. Civ. P. 26(b)(4)(E) (emphasis added). Courts in this district consider several factors in determining the reasonableness of an expert's fee: (1) the expert's area of expertise; (2) the education and training required for the expert's insights; (3) the rates of other comparable experts; (4) the nature, quality and complexity of the proposed discovery; (5) the fee actually being charged to the party who retained the expert; (6) the fees charged by the expert in related matters; and (7) any other factor helpful to the court. *See, e.g.*, *Marcelli v. Ace Am. Ins. Co.*, No. 10-cv-03025-PAB-KMT, 2012 WL 3744635, at *1 (D. Colo. Aug. 29, 2012); *Young v. Global 3, Inc.*, No. Civ.A.03-N-2255(CBS), 2005 WL 1423594, at *1 (D. Colo. May 26, 2005); *U.S. Energy Corp. v. Nukem, Inc.*, 163 F.R.D. 344, 345–46 (D. Colo. 1995). The Court takes seriously its gatekeeping role to protect against excessive billing. *Young*, 2005 WL 1423594, at *2.

## ARGUMENT

Defendant's principal arguments concern the rates charged by Dr. Devanny himself in other matters, and the rates charged by other orthopedic surgeons. (Doc. No. 62 at 2-3.) Specifically, Defendant argues that Dr. Devanny's "expertise and training certainly warrants a reasonable fee, but $2,400 is excessive." (*Id.* at 2.) Defendant compares Dr. Devanny's proposed $2,400/hour rate to Dr. Devanny's $367/hour rate for workers compensation depositions, and his $508/hour rate for trial testimony. (*Id.*) Defendant notes that "Dr. Devanny's medical testimony in workers compensation matters presumably involves and requires the same orthopedic surgery education and training as in this case, and would involve testimony of similar nature, quality, and complexity." (*Id.*) Defendant also cites several cases for the proposition that courts have set the reasonable rates of orthopedic surgeons between $750 and $1,000 per hour. (*Id.* at 3.)

Plaintiff does not offer a competing range in response to Defendant's proposed $750-$1,000 range. Instead, Plaintiff focuses on the workers compensation comparison, arguing that fees in those cases are necessarily different because of the system in which they arise. (Doc. No. 65 at 3.) Additionally, Plaintiff does not seem to take issue with Defendant's comparison of Dr. Devanny and Dr. Schwappach, admitting that the two medical experts have similar specialties, "have been practicing about the same period of time[,] and are similarly situated professionally." (*Id.* at 4.) However, Plaintiff contends that "there is no reasonable basis to reduce Dr. Devanny's fees below those of Dr. Schwappach for his deposition testimony in this matter [$2,000]," because "there is no reasonable basis for Dr. Schwappach to charge an additional $500 per hour just for video recording his testimony." (*Id.*). Plaintiff also takes issue with Defendant's proposed striking of

3

the two-hour minimum, arguing that "Dr. Devanny is a treating physician, and . . . [his] two hour minimum charge is reasonable given the intrusion into his time with patients and in surgery." (*Id.*)

The Court is stunned by the experts' fees in this case. Courts in other parts of the country, where cost of living is higher, are setting limits far below the fees in this case. *See, e.g.*, *Souvenir v. Jordan*, No. 20-CV-9335 (CS), 2022 WL 12399329, at *3 (S.D.N.Y. Oct. 21, 2022) (rejecting an orthopedic surgeon's request for an $8,000 deposition fee, and holding that even though the expert "attended medical school at George Washington University, completed a residency in orthopedic surgery at New York University, and completed dual fellowships in sports medicine and arthroscopic surgery at the Southern California Orthopedic Institute," his fee would be capped at $450 per hour); *see also Grady v. Jefferson Cnty. Bd. of Cnty. Comm'rs*, 249 F.R.D. 657, 662 (D. Colo. 2008) (finding "that the deposition hourly rate of $2,000 per hour as set forth in Dr. Spiro's fee schedule is grossly excessive and comes near to being extortionate"). However, without more current information from the parties on the reasonableness of fees in this District, the Court is left to consider the $750-$1,000 range submitted by Defendants (which comes from cases decided at least a decade ago), and the fees charged by Dr. Schwappach (which Plaintiff has not challenged as unreasonable). Under the circumstances, the Court finds that a reasonable fee for Dr. Devanny's deposition in this case is $2,000/hour for video deposition testimony and $1,500/hour for non-video deposition testimony. Considering the scheduling arrangements practicing surgeons must make in advance

of a deposition, the Court finds a two-hour minimum to be reasonable.[1]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT**:

(1) The "Defendant's Motion to Set Reasonable Deposition Fee of Dr. Patrick Devanny" (Doc. No. 62) is **GRANTED** consistent with the limitations set forth in this Order.

DATED: November 8, 2022.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge

---

[1] This finding should not be construed to apply beyond the specific circumstances of this case, because here, an expert with commensurate experience has already charged his deposition fee without challenge, and the Court was not provided with meaningful data on current rates charged by similar experts in this District.